UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM B. TRESCOTT, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 08-00731(HHK) |
| | ) |
| FEDERAL HIGHWAY ADMINISTRATION and | ) |
| MARY E. PETERS, SECRETARY, | ) |
|   U.S. DEPARTMENT OF TRANSPORTATION, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

### DEFENDANTS' MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, defendants, Federal Highway Administration and Mary E. Peters, Secretary, U.S. Department of Transportation, by and through their undersigned counsel, move to dismiss the above-captioned case. In support of the Motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities. As required by Local Rule 7(c), a proposed Order consistent with the relief requested in this Motion is also attached hereto.

Date: June 6, 2008

Respectfully Submitted,

/s/ Jeffrey A. Taylor /dvh
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras /dvh
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
 Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph:  (202) 307-0492

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM B. TRESCOTT,<br><br>          Plaintiff<br><br>     v.<br><br>FEDERAL HIGHWAY ADMINISTRATION and<br>MARY E. PETERS, SECRETARY,<br>  U.S. DEPARTMENT OF TRANSPORTATION,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 08-00731(HHK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Defendants, by and through their undersigned counsel and pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, move to dismiss the above-captioned case presumably brought pursuant to the Hobbs Act, 28 U.S.C. § 2342(3)(A) and the Administrative Procedures Act ("APA"), 5 U.S.C. § 704. On April 22, 2008, the U.S. Court of Appeals for the District of Columbia Circuit ordered a transfer of plaintiff's petition for review of a regulation promulgated by the Federal Highway Administration to this Court after dismissing the appellate matter for lack of jurisdiction. For reasons stated below, defendants respectfully submit that plaintiff's suit should be dismissed by this Court as well.

**I.      STATEMENT OF FACTS AND PROCEDURAL HISTORY**

   **A.      Statutory and Regulatory Background**

In order to establish uniform standards, promote highway safety, and protect interstate highways from early deterioration, the federal government began regulating the size and weight of trucks on federal-aid highways in 1956. See Federal-Aid Highway Act of 1956, Pub. L. No.

84-627, 70 Stat. 374 (1956). The current weight limitations were enacted as part of the Federal-Aid Highway Act Amendments of 1974, and limit the "overall gross weight" of vehicles on interstate highways to 80,000 pounds. 23 U.S.C. § 127(a)(2). The current width limitation was enacted as part of the Surface Transportation Assistance Act of 1982, and limits commercial motor vehicle width on interstate highways to 102 inches. 49 U.S.C. § 31113(a)(1).

The FHWA has statutory authority to promulgate regulations relating to federal highway preservation and safety, and to enforce the federal government's commercial motor vehicle size and weight restrictions. See 23 U.S.C. § 315; 49 U.S.C. § 104; 49 C.F.R. § 1.48. Pursuant to this authority, in 1984, the FHWA promulgated a regulation restating the 102 inch width limit and 80,000 pound weight limit mandated by Congress. See 49 Fed. Reg. 23302, 23317-18 (June 5, 1984). Although the FHWA has amended certain aspects of its commercial vehicle size and weight enforcement program over the past twenty years, the 102 inch width limit and 80,000 pound weight limit have remained the same, as mandated by federal law. See 23 C.F.R. §§ 658.15 & 658.17.

**B.      The Challenged Rule**

Plaintiff's petition for review challenged the most recent final rule amending the FHWA's regulations governing the enforcement of commercial vehicle size and weight restrictions. The challenged rule, which was published in proposed form in May 2006, amends certain aspects of the FHWA's commercial vehicle size and weight program in order to incorporate provisions of several recently enacted transportation-related statutes. See 71 Fed. Reg. 25516 (May 1, 2006). The challenged rule does not amend the 102 inch width limit or 80,000 pound weight limit, which continue to be statutorily mandated under 23 U.S.C. §

2

127(a)(2) and 49 U.S.C. § 31113(a)(1). The final rule was published in February 2007, see 72 Fed. Reg. 7741 (Feb. 20, 2007), and became effective on March 22, 2007.

### C. Procedural History

Following the publication of the challenged rule in proposed form in May 2006, plaintiff, William Trescott, submitted comments to the FHWA criticizing, among other things, the size and weight restrictions, and questioning the FHWA's authority to promulgate rules regulating commercial motor vehicle size and weight. The final rule, published in February 2007, addressed plaintiff's comments by explaining that they raised issues that were outside the scope of the Notice of Proposed Rulemaking ("NPRM") and that the size and weight restrictions were statutorily mandated. See 72 Fed. Reg. 7741, 7745 (Feb. 20, 2007). With regard to the FHWA's authority to amend the regulations as proposed in the NPRM, the agency explained that plaintiff's comments were based on a misinterpretation of 49 U.S.C. § 113(f), a statutory provision that delegates certain duties relating to motor carriers to the Federal Motor Carrier Safety Administration ("FMCSA"), but leaves duties relating to federal highways with the FHWA. See 72 Fed. Reg. at 7745.

Plaintiff filed a petition for reconsideration with the FHWA on March 8, 2007 and withdrew it on August 14, 2007. On September 4, 2007, he filed a related lawsuit directly in the U.S. Court of Appeals for the District of Columbia Circuit. On April 22, 2008, the D.C. Circuit transferred plaintiff's suit to this Court after dismissing the appellate matter for lack of jurisdiction.

II.     STANDARD OF REVIEW

    A.     Dismissal for Lack of Subject Matter Jurisdiction (Fed.R.Civ.P. 12(b)(1))

"A motion under 12(b)(1) 'presents a threshold challenge to the court's jurisdiction.'" Gardner v. U.S., No. CIV. A. 96-1467EGS, 1999 WL 164412, *2 (D.D.C. Jan. 29, 1999), aff'd, 213 F.3d 735 (D.C. Cir. 2000) and cert. denied, 531 U.S. 1153 (2001), quoting, Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir.1987); see also 4 Wright & Miller: Federal Prac. & Proc. § 1350 (R12)(2002 Supplement)("...subject matter jurisdiction deals with the power of the court to hear the plaintiff's claims in the first place, and therefore imposes upon courts an affirmative obligation to ensure that they are acting within the scope of their jurisdictional power.")

A court may resolve a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id.; see also Cureton v. United States Marshal Service, 322 F.Supp.2d 23, 2004 WL 1435124, *2 (D.D.C. June 28, 2004).

    B.     Motion for Failure to State a Claim (Fed.R.Civ.P. 12(b)(6))

In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), the Supreme Court essentially abrogated or "retired" the holding in Conley v. Gibson that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 127 S.Ct. at 1968-1969, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Supreme Court stated that

Conley v. Gibson's "'no set of facts' language can be read in isolation as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings. . ." Twombly, 127 S.Ct. at 1968. The Supreme Court added that the "[no set of facts] phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969.

Accordingly, as clarified by Twombly, a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) should be granted if the plaintiff, in his or her pleading, fails to present "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level,. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact). . ." Id. at 1265 (citations omitted).

### III.  ARGUMENT

#### A.  Plaintiff's Claims Should Be Dismissed for Lack of Jurisdiction.

Plaintiff's petition before the D.C. Circuit sought direct review of a rule promulgated by the FHWA amending the regulations governing the enforcement of commercial motor vehicle size and weight. See 23 C.F.R. §§ 657, 658 (2007). Although plaintiff's jurisdictional basis for his suit in this Court is unclear, in the D.C. Circuit, he based jurisdiction to review his claim under the Hobbs Act, specifically, 28 U.S.C. § 2342(3)(A). That provision, however, pertains only to agency actions taken pursuant to specifically referenced motor carrier safety laws. The commercial vehicle size and weight enforcement final rule challenged by plaintiff was not promulgated under any of the laws referred to in section 2342. As the FHWA explained in its

5

final rule, its authority over commercial motor vehicle size and weight enforcement derives from 23 U.S.C. §§ 127 and 315, and 49 U.S.C. §§ 31111, 31112, and 31114. See 72 Fed. Reg. 7741, 7747 (Feb. 20, 2007). None of these provisions fall under the jurisdictional grant in section 2342 of the Hobbs Act.[1]

To the extent that plaintiff's claim arises under the APA, 5 U.S.C. § 704, such claims may be asserted pursuant to 28 U.S.C. § 1331. The government notes, however, that because plaintiff seeks to challenge size and weight restrictions that have been in place since 1984, the statute of limitations may have run on his claim. See 28 U.S.C. § 2401(a) (imposing a six year statute of limitations on civil suits against the United States); Harris v. FAA, 353 F.3d 1006, 1009-10 (D.C. Cir. 2004) (applying § 2401 to an APA challenge); Nat'l Labor Relations Board Union v. FLRA, 834 F.2d 191, 195-97 (D.C. Cir. 1987) (describing the limited circumstances under which a petitioner may challenge a regulation after the statute of limitations). Thus, such claim would be time barred.

      **B.**    **Plaintiff Offers No Basis for Vacating the FHWA's Commercial Motor Vehicle Size and Weight Regulations.**

In his petition before the District of Columbia Circuit, plaintiff presented two issues: (1) Whether the FHWA has statutory authority to promulgate regulations relating to the size and weight of commercial motor vehicles on federal highways, and (2) Whether the FHWA's commercial motor vehicle size and weight restrictions are permissible under the APA's "arbitrary and capricious" standard. Pet. 13 ("Statement of Issues"). As set out below, the FHWA is

---

[1] 49 U.S.C. §§ 31111, 31112, and 31114 are located in subchapter II of chapter 311 of title 49, which is titled "Length and Width Limitations." Section 2342's coverage of chapter 311 is expressly limited to subchapter III of that chapter, which is titled "Safety Regulation."

charged with promulgating the regulations at issue, and the standards they incorporate are mandated by statute.

### i. The FHWA Has Statutory Authority Over Commercial Motor Vehicle Size and Weight Restrictions.

In his petition before the District of Columbia Circuit, Plaintiff argued that under 49 U.S.C. § 113(f), the FHWA lacks authority to enforce commercial motor vehicle size and weight restrictions. Pet. 45-46. This provision, which describes the powers and duties of the Federal Motor Carrier Administrator, reads in pertinent part:

> The Administrator shall carry out — (1) duties and powers related to motor carriers or motor carrier safety vested in the Secretary by chapters 5, 51, 55, 57, 59, 133 through 149, 311, 313, 315, and 317 . . . . except as otherwise delegated by the Secretary to any agency of the Department of Transportation other than the Federal Highway Administration, as of October 8, 1999 . . .

49 U.S.C. § 113(f)(1). According to the petition, this provision requires the Federal Motor Carrier Safety Administration ("FMCSA"), rather than the FHWA, to enforce the commercial motor vehicle size and weight restrictions located in chapter 311 of Title 49. Pet. 46.

Plaintiff's position rests on a misinterpretation of § 113(f). The petition correctly notes that the statutory commercial motor vehicle size and weight restrictions are located in part in chapter 311 of Title 49. See Pet. 45. The statutory delegation in § 113(f), however, is limited to chapter 311 powers and duties "related to motor carriers and motor carrier safety." 49 U.S.C. § 113(f)(1). The commercial motor vehicle size and weight limitations, which are established under not only Chapter 311 of Title 49, but also Chapter 1 of Title 23, see 23 U.S.C. § 127, operate as part of the FHWA's highway safety and preservation program.

As the FHWA explained in its comments to the March 22, 2007 Final Rule:

7

> The commercial motor vehicle size and weight program is different from the motor carrier and motor carrier safety duties carried out by the FMCSA, and serve to establish limitations which the States are required to implement and enforce in order to protect and preserve the infrastructure and overall highway safety in highways that have received Federal assistance for construction and maintenance. . . . [It] is directly related to the Federal-aid highway program and Federal-aid highway funding. It does not involve the type of motor carrier or motor carrier safety oversight that Congress intended to be delegated to the FMCSA.

72 Fed. Reg. 7741, 7746 (Feb. 20, 2007). Indeed, in the course of recent major highway program reauthorization, Congress recognized the FHWA's authority over commercial vehicle size and weight enforcement by requesting and receiving information on the FHWA's implementation of the size and weight program. As the FHWA observed, "[t]he Department would surely have received direction from Congress during all the years since the enactment of [§ 113(f)] if Congress had intended this program to be delegated to an agency other than the FHWA." Id.; see also Haig v. Agee, 453 U.S. 280, 297-98 (1981) (Congressional acquiescence to longstanding executive interpretation indicates that the interpretation is valid).

In short, the decision to maintain commercial vehicle size and weight enforcement in the FHWA rather than the FMSCA is plainly consistent with Congress's intent regarding the delegation of duties and powers relating to motor carriers and motor carrier safety. To the extent that any ambiguity exists, the agency's interpretation of § 113(f) is reasonable and deserves deference by this Court. See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843-44 & n.11 (1984).

  ii. **The FHWA's Commercial Vehicle Size and Weight Restrictions are Statutorily Mandated and Must Be Affirmed**

Most of plaintiff's claims presented in his petition for review (and remanded to this Court) is devoted to the argument that the size and weight restrictions for commercial motor

vehicles in 23 C.F.R. §§ 658.15 and 658.17 are arbitrary and capricious because they preclude the use of certain vehicles and products plaintiff patented. The weight and size limits for commercial vehicles are established by statute, however, and were not determined by the agency. Under 23 U.S.C. § 127(a)(2), the "overall gross weight" of a vehicle traveling on interstate highways "may not exceed eighty thousand pounds." Likewise, 49 U.S.C. § 31113(a)(1) limits commercial vehicle width to 102 inches. The FHWA lacks authority to change the statutorily mandated standards. Accordingly, plaintiff's challenge to the size and weight restrictions is without foundation.

**IV.    CONCLUSION**

For reasons stated herein, defendants respectfully request that the Court dismiss this suit with prejudice.

Date: June 6, 2008

Respectfully Submitted,

/s/ Jeffrey A. Taylor /dvh
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras /dvh
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
 Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the *Defendants' Motion to Dismiss* was made by first class, prepaid mail to:

>William B. Trescott
>8028 Farm to Market Road 457
>Bay City, Texas 77414

this <u>6th</u> day of June 2008.

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM B. TRESCOTT,<br><br>    Plaintiff<br><br>v.<br><br>FEDERAL HIGHWAY ADMINISTRATION and<br>MARY E. PETERS, SECRETARY,<br> U.S. DEPARTMENT OF TRANSPORTATION,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 08-00731(HHK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

UPON CONSIDERATION of the Defendants' Motion To Dismiss, any opposition thereto, and the entire record herein, it is hereby

ORDERED that Defendants' motion is granted, and it is further

ORDERED that this case is dismissed with prejudice against the Defendants;

SO ORDERED.


_____                                                 _____
 DATE                                                                                     UNITED STATES DISTRICT JUDGE

Copies to:

William B. Trescott
8028 Farm to Market Road 457
Bay City, Texas 77414

Beverly M. Russell
U.S. Attorney's Office for the District of Columbia,
 Civil Division
555 Fourth Street, N.W., Rm. E-4915
Washington, D.C.  20530