UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM B. TRESCOTT,        ) | |
|                             ) | |
|     Plaintiff               ) | |
|                             ) | |
| v.                          ) | Civil Action No. 08-00731(HHK) |
|                             ) | |
| FEDERAL HIGHWAY ADMINISTRATION and ) | |
| MARY E. PETERS, SECRETARY,  ) | |
|  U.S. DEPARTMENT OF TRANSPORTATION, ) | |
|                             ) | |
|     Defendants.              ) | |
|                             ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

Although unclear, it appears that Plaintiff, in his opposition memorandum, continues to assert that the Federal Highway Administration ("FHWA") lacks authority to enforce commercial vehicle size and weight requirements set forth by statute. Pl.'s Op. at 2, 4 and 8. Plaintiff apparently requests that the Court vacate FHWA regulations at 23 C.F.R. Parts 657 and 658 related to commercial vehicle size and weight limitations and State certification of enforcement because the regulations preclude use of safety devices such as the safer commercial vehicle developed by Plaintiff. Pl.'s Op. at 11 and 12. However, Plaintiff's request for "vacatur" has no legal basis.

The authority for the FHWA regulations at issue are <u>federal-aid highway</u> statutory provisions related to vehicle weight limitations on the Interstate system, 23 U.S.C. § 127, vehicle size limitations on designated highways, 49 U.S.C. §§ 31111-31114, state certification ensuring enforcement of laws regarding maximum vehicle size and weights, 23 U.S.C. § 141[1], and

---

[1] <u>See</u> 23 U.S.C. § 127(a)(2), 49 U.S.C. § 31111, and 49 U.S.C. § 31113(a)(1) for statutorily-mandated weight, length, and width requirements.

importantly, the Secretary's authority to promulgate "all needful rules and regulations" for carrying out the provisions of Title 23 which includes the above-referenced highway-related statutory provisions related to commercial vehicle size and weight restrictions, 23 U.S.C. § 315. Thus, the FHWA's regulations at 23 C.F.R. Parts 657 and 658 are consistent with its statutory mandate. The FHWA's policy or objective as related to the regulatory provisions at issue is to ensure that "each State enforce vehicle size and weight laws to assure that violations are discouraged and that vehicles traversing the highway system do not exceed the limits specified by law." 23 C.F.R. § 657.5. "[The] size and weight limits are based upon design specifications and safety considerations, and enforcement shall be developed and maintained both to prevent premature deterioration of the highway pavement and structures to provide a safe driving environment." Id. Given that the FHWA's regulations at 23 C.F.R. Parts 657 and 658 comport with the agency's statutory obligations as related to federal-aid highways, Plaintiff's request that the Court vacate those regulations because he does not like them or more specifically because they are counter to his pecuniary interest should be denied.

Plaintiff does argue that certain safety devices are excluded from the width and length requirements of 49 U.S.C. §§ 31111 and 31113(a)(1)[2], and that this Court should consider whether proper procedures were followed to exempt modern safety devices recently invented.[3]

---

[2]See 23 C.F.R. § 658.16.

[3]Contrary to Plaintiff's assertion, the D.C. Circuit has not "ordered" the District Court to consider Plaintiff's claim related to 49 U.S.C. § 30162 under 28 U.S.C. § 1331 and 5 U.S.C. § 704, but stated that Plaintiff may seek review in District Court under these statutes. It is doubtful, however, that Plaintiff has standing to challenge, as a general matter, exemptions from the width and length requirements which may have been given to other safety devices. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

Pl.'s Op. at 2.  However, on this point, it bears reiterating that the 102 inch width limit and 80,000 pound weight limit for commercial vehicles are statutorily mandated (see 23 U.S.C. § 127(a)(2) and 49 U.S.C. § 31113(a)(1)) and Plaintiff cannot point to any statutory provision that would allow the FHWA to waive or otherwise modify these requirements.  Further, the authority for exclusion of "safety and energy conservation devices," 49 U.S.C. §§ 31111(d) and 31113(b), and 23 C.F.R. § 658.16, plainly does not contemplate exclusion of entire vehicles like the experimental vehicle developed by Plaintiff.   Finally, Plaintiff points to no action on the part of the FHWA which was "procedurally incorrect," specifically contrary to the Administrative Procedures Act, 5 U.S.C. § 704, or other applicable statute.  Thus, Plaintiff's vague and conclusory allegations of wrongdoing are insufficient to defeat Defendants' motion to dismiss this suit.  See Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir.1995) ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").  Indeed, at most what we have here is a suit where Plaintiff does not want to comply with applicable law  (i.e., 23 C.F.R. Parts 657 and 658). Defendants respectfully aver that such a notion fails to state a claim.  Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

Date: July 9, 2008

Respectfully Submitted,

/s/ Jeffrey A. Taylor /dvh
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell
_____
Of Counsel:                           BEVERLY M. RUSSELL, D.C. Bar #454257
Raymond Cuprill, Esq.              Assistant United States Attorney
Federal Highway Administration    U.S. Attorney's Office for the District of Columbia,
U.S. Department of Transportation   Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the ***Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss*** was made by first class, prepaid mail to:

>William B. Trescott
>8028 Farm to Market Road 457
>Bay City, Texas 77414

this 9th day of July 2008.

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney