UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM B. TRESCOTT | ) |
| | ) |
| *Plaintiff,* | ) |
| v. | ) |
| | ) |
| THE FEDERAL HIGHWAY ADMINISTRATION, THE SECRETARY OF TRANSPORATION, and THE UNITED STATES, | ) No. 08-0731 HHK ) ) (formerly 07-1327) ) ) ) |
| | ) |
| *Defendants.* | ) |

## ERRATUM

In <u>Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss</u>: **The reference to 64 FR 56270**[1] **at the top of page 6 should read 65 FR 221.**[2]

---

[1] Congress prohibited the Federal Highway Administration (FHWA) from spending funds to carry out the functions and operations of its Office of Motor Carriers in Section 338 of the *FY 2000 Department of Transportation and Related Agencies Appropriations Act* (Public Law 106–69) eight months after I made the front page of the Radio-TV Interview Report, claiming on more than fifty radio talk shows that searches without search warrants were preventing technological development in the trucking industry (*Death on Wheels— How the Government Requires Trucks to be unsafe*, Bradley Media, mid-February 1999, p.10). Ten days after this was signed by the President, the Secretary re-delegated this power <u>without public comment</u> to the director a new "Office of Motor Carrier Safety" he invented in 49 C.F.R. § 1.73, to be <u>appointed by the Secretary</u>, claiming "the Secretary has authority to take other enforcement actions, such as issuing roadside out-of service orders under 49 C.F.R. 396.9(c) or 395.13." 64 F.R. 56270.

[2] Congress reacted to the unauthorized creation of the "Office of Motor Carrier Safety" in 49 C.F.R. § 1.73 by enacting the *Motor Carrier Safety Improvement Act* (Public Law 106-159) a month later without a single objection—transferring <u>all</u> duties and powers related

1

RECEIVED
JUL 1 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a copy of the foregoing

Erratum on the following by first class mail:

Beverly M. Russell
Assistant US Attorney
DC Civil Division
555 Fourth Street NW
Washington, D.C. 20530

_____
William B. Trescott

---

to motor carriers or motor carrier safety, including Chapter 311 of Title 49, to a motor carrier safety professional <u>appointed by the President</u> (unless the power was delegated to an agency <u>other than the Federal Highway Administration</u> as of October 8th, 1999, the day before the *FY 2000* was signed into law on October 9th). 49 U.S.C. §§ 113(c) & (f)(1). Rather than transfer jurisdiction over regulations on commercial motor vehicle safety promulgated under Chapter 311 authority in 23 C.F.R. 658 as required by the *Motor Carrier Safety Act,* 49 U.S.C. § 31136(d), the Secretary merely <u>renamed</u> his "Office of Motor Carrier Safety" the "Federal Motor Carrier Safety Administration" (FMCSA) and only transferred authority to do research under 23 U.S.C. 502, 49 C.F.R. § 1.73(o)— reserving authority to promulgate safety standards similar to those in Chapter 301 of Title 49 to himself. 49 C.F.R. § 1.73 (g). 65 F.R. 221.